UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARTHUR L. AUSTIN,<br><br>               Petitioner,<br><br>   v.<br><br>JOHN D. SNAZA,<br><br>              Respondent. | CASE NO. 3:22-CV-5568-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: October 28, 2022 |

      This is a federal habeas action brought under 28 U.S.C. § 2254. At the time the action was filed, Petitioner was confined at the Thurston County Jail in Tumwater, Washington, where he was awaiting trial in three separate Thurston County Superior Court criminal cases. *See* Dkt. 1. Petitioner has since been released from custody. *See* Dkt. 6. This action was filed on Petitioner's behalf by his mother, Mary Austin, and was one of three such actions filed by Ms. Austin, each action challenging a different pending state court criminal case. The petition at issue

1  here pertains to Petitioner's pending custodial assault case, Thurston County Superior Court
2  Case No. 22-1-00429-34.[1] *See* Dkt. 1.

3  Petitioner's primary ground for relief appears to be that his speedy trial rights have been
4  violated in his underlying criminal case. *See* Dkt. 1 at 1, 5, 7-8, 16-30. However, the petition also
5  references other alleged infirmities in Petitioner's ongoing state court criminal proceedings and
6  raises concerns about the treatment Petitioner has received during his confinement at the
7  Thurston County Jail. *See id*. Petitioner, in his request for relief, asks that he be immediately
8  released from custody. Dkt. 1 at 15, 31.

9  After reviewing Ms. Austin's submissions on behalf of Petitioner, this Court determined
10  that Petitioner had not submitted a viable petition for writ of habeas corpus. Thus, on September
11  6, 2022, this Court issued an Order directing Petitioner to show cause why this action should not
12  be dismissed. Dkt. 5. The Court advised Petitioner therein that he may not seek relief under 28
13  U.S.C. § 2254 as such relief is available only to persons who are "in custody pursuant to the
14  *judgment* of a state court." *Id.* at 2 (citing 28 U.S.C. § 2254(a) (emphasis added)). The Court
15  explained that, because Petitioner had not yet been convicted in his underlying state court
16  criminal case, he was not confined pursuant to a judgment of the state court and, thus, § 2254
17  provided no avenue for relief at this juncture. *Id*.

18  The Court advised Petitioner that even if it were to construe his petition as one filed
19  under the general habeas statute, 28 U.S.C. § 2241, he would still not be entitled to the relief

---

[1] Also pending in this Court are *Austin v. Snaza*, Case No. C22-5566-JCC-TLF, which pertains to Thurston County Superior Court Case No. 22-1-00027-34 (charging attempted robbery in the second degree – domestic violence, assault in the fourth degree, assault in the second degree – domestic violence), and *Austin v. Snaza*, C22-5567-JHC-MLP, which pertains to Thurston County Superior Court Case No. 22-1-00257-34 (charging vehicular assault).

requested in this action. Dkt. 5 at 2. The Court observed that, because Petitioner is awaiting adjudication of his pending criminal charges in Thurston County Superior Court, resolution of the claims asserted in his petition would necessarily require this Court to become involved in his ongoing state court criminal proceedings. *Id*. The Court explained that the federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *Id*. at 3 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). The Court went on to detail the requirements for federal court abstention under *Younger* and concluded that the requirements had been satisfied in this instance and that *Younger* abstention therefore appeared to apply in this case. *Id*.

With respect to Petitioner's complaints regarding the conditions of his confinement, the Court explained that such complaints were more properly raised in an action brought under 42 U.S.C. § 1983. Dkt. 5 at 3. Finally, the Court questioned whether Petitioner's mother could properly act on his behalf and explained that, if Petitioner could otherwise demonstrate that this action should proceed, the Court would require Petitioner's mother to make a more detailed showing establishing that she was entitled to litigate this action for him. *Id*. at 4.

Petitioner was directed to file a response to the Order to Show Cause on or before October 7, 2022, and was advised that his failure to do so would result in a recommendation that this action be dismissed. Dkt. 5 at 5. The Order to Show Cause was sent to Petitioner at the Thurston County Jail, and to Petitioner's mother at the Colorado address provided in the petition. *See id*. The mail sent to Petitioner was returned to the Court with a notation indicating that Petitioner was no longer in custody at the Thurston County Jail. *See* Dkt. 6. The mail sent to Petitioner's mother was not returned and the Court therefore presumes that she received the Order. To date, no response to the Order to Show Cause has been filed.

Given that Petitioner's mother initiated this action, and presumably received a copy of the Order to Show Cause, the fact that no response has been forthcoming from her is a sufficient basis on which to recommend dismissal of this action. The Court further notes, however, that the materials previously submitted by Petitioner, through his mother, and the only materials on file with this Court, are not eligible for federal habeas review at this time. Moreover, Petitioner's release from custody would appear to moot the petition given that immediate release from custody was the only relief requested therein. Accordingly, this Court recommends that Petitioner's federal habeas petition be dismissed without prejudice.

A state prisoner seeking federal habeas relief may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this action and, therefore, recommends a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

*Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on October 28, as noted in the caption.

 The Clerk is directed to send copies of this Report and Recommendation to Petitioner, to Petitioner's mother[2], and to the Honorable Benjamin H. Settle.

 Dated this 12th day of October, 2022.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge

---

[2] The address for Petitioner's mother can be found at Dkt. 1 at 31.

REPORT AND RECOMMENDATION - 5